1    Jonathan Cothran, SBN: 259210
     Kiet Cothran & Zirillo, APC
2    1576 N. Batavia St., Ste. 1C
     Orange, California 92867
3    Telephone:    714.974.5652
     Facsimile:    714.221.0890
4

5    Attorney for Debtor:
     Justina Ramirez
6

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   In Re:                          Case No.: **8:10-bk-17503-ES**

12
         Justina Ramirez,            **Chapter 7**
13

14          Debtor.                  **MOTION FOR ORDER DECLARING
                                     DAN NGUYEN AND JOHN**
15                                   **BOUZANE, ESQ. IN VIOLATION OF
                                     THE AUTOMATIC STAY VOID *AB***
16                                   ***INITIO* PURSUANT TO 11 U.S.C. §362**
17                                   **AND FOR OSC RE:  CONTEMPT
                                     AGAINST DAN NGUYEN AND JOHN**
18                                   **BOUZANE, ESQ. FOR VIOLATING
                                     THE AUTOMATIC STAY;**
19                                   **DECLARATIONS OF JUSTINA
                                     RAMIREZ, JONATHAN COTHRAN,**
20                                   **AND JESSE ZIRILLO IN SUPPORT
                                     THEREOF**
21

22

23

24                                   Hearing Date:    TBD by Court
                                     Time:            TBD by Court
25                                   Location:        411 W. 4th Street,
26                                                    Santa Ana, CA
                                                      92701; Crtrm 5A
27

28

              MOTION AND ORDER TO SHOW CAUSE
                          - 1 -

## STATEMENT OF FACTS

1. Justina Ramirez ("Debtor") filed a Chapter 7 petition on June 3, 2010. See Exhibit "A"

2. Debtor was a tenant in possession living at 11851 E. Percheron Rd., Garden Grove, CA where she lives with her siblings and disabled father at the time of the Chapter 7 filing. See Declaration of Ramirez.

3. Prior to the Chapter 7 filing, Dan Nguyen, by and through his Attorney of record, John Bouzane, Esq., filed an unlawful detainer action against the Debtor in California Superior Court. See Exhibit "B"

4. Before and during the time the unlawful detainer was filed, and before the filing of the bankruptcy, Mr. Nguyen made several aggressive and threatening emails and phone call to the Debtor. Even threatening to show up with a truck and forcibly remove the Debtor and her family unless she paid or moved out by the following weekend. See Declaration of Ramirez

5. The unlawful detainer action was stayed on June 3, 2010 under 11 U.S.C. §362; A Notice of Stay of Proceedings was filed with the Superior Court on June 7, 2010. See Exhibit "C"

6. Both Dan Nguyen and John Bouzane, Esq. were BNC Noticed on June 6, 2010. See Exhibit "D"

7. On or around June 5, 2010, Mr. Nguyen personally telephoned the Debtor; a voicemail message was left regarding his intent to speak with the Debtor regarding the unlawful detainer proceedings. See Declaration of Ramirez

8. Subsequently, on June 10, 2010 at 12:15am, Mr. Nguyen emailed the Debtor stating that he "needed to talk to [her]." See Exhibit "E" and Declarations of Ramirez and Cothran

9. Additionally, on July 6, 2010 at 5:12pm, Mr. Nguyen or his agent property manager contacted the Debtor via cellular text message stating, "I like [sic] to offer you a deal if you commit to move out in [sic] a certain day. Just

call me to discuss." See Exhibit "F" and Declarations of Ramirez and Cothran

10. Throughout the month of June and into July 2010, the Debtor began to worry that Mr. Nguyen was going to show up and forcibly remove her from the premises; she began noticing slow moving vehicles outside her home and suffered severe emotional distress as a direct result of Mr. Nguyen's ongoing communications with her regarding her pending eviction. See Declaration of Ramirez

11. On or around July 7, 2010, Debtor's Attorney, Jonathan Cothran, telephoned Mr. Bouzane's office to direct them to remind their client of the automatic stay; upon leaving the message with a secretary, no response was received. See Declaration of Cothran

12. On June 10, 2010, Mr. Bouzane on behalf of Mr. Nguyen filed a Motion for Relief from Stay (Unlawful Detainer) with the above captioned court in the above captioned case; and, received the requested relief on September 2, 2010. See Exhibit "G" and Declaration of Cothran

13. On September 2, 2010, this Court granted Mr. Nguyen's Motion for Relief from Stay—Unlawful Detainer. See Exhibit "L" and Declaration of Cothran

14. On September 8, 2010, Debtor's counsel faxed and mailed a letter to Mr. Bouzane's office laying out the violations of 11 U.S.C. §362 by Mr. Nguyen, and offered a reasonable compromise which would have forgone any recovery for damages by Debtor for the violations if Mr. Nguyen allowed the Debtor to leave the property by a reasonable date and subsequently dismissed the action against the Debtor in the Superior Court. This letter went unanswered. See Exhibit "H" and Declaration of Cothran

15. On September 15, 2010, Debtor appeared *in pro per* at the Superior Court for her Unlawful Detainer Trial Hearing. Although Mr. Nguyen and his

present counsel at the hearing were again offered the same terms as set forth in paragraph 5 of the letter dated September 8, 2010, Mr. Nguyen refused the terms, and by and through his counsel of record, seemingly strong-armed the Debtor into signing a stipulated judgment for an October 5, 2010 move-out date and monetary damages, which Mr. Nguyen and his counsel refused to leave out of the judgment even after being reminded that a judgment for monetary damages violated 11 U.S.C. §362 and that they were only entitled to possession under the terms of the Relief from Stay granted by the Bankruptcy Court on September 2, 2010. Debtor, fearing she may be forced out of the house before she was permitted to move into her new home on October 1, 2010, signed the stipulated judgment. Debtor fears that Mr. Nguyen is going to seek further collection activities against her and attempt to enforce the judgment for deficiency against her. See Exhibit "I" and Declarations of Ramirez, Cothran and Zirillo

16. Upon receiving a copy of the stipulated judgment entered by the Superior Court, on September 16, 2010, Debtor's attorney contacted Mr. Bouzane's office to inquire why they had entered a judgment in violation of 11 U.S.C. §362 and request the order be amended or voluntarily vacated by Mr. Bouzane and Mr. Nguyen. Only allowed to speak to a secretary, Debtor's counsel was told the situation would be rectified and someone would be getting back to him with regards to amending the judgment. After several follow-up telephone calls, no response was ever received by Mr. Bouzane's office and the judgment was never amended or vacated. See Declaration of Cothran

17. On or before September 29, 2010, Debtor's counsel telephoned Mr. Bouzane's office to inquire as to why the judgment remained unchanged; however, was informed that Mr. Bouzane's office had officially closed the

file and no further action would be taken with regards to it.  See Declaration of Cothran

18. On September 29, 2010, Debtor's counsel wrote Mr. Bouzane's office a letter (incorrectly dated as September 8, 2010, but the Fax transmission page indicates the correct date of September 29, 2010) informing Mr. Bouzane and his client Mr. Nguyen that the judgment entered was still in violation of 11 U.S.C. §362.  Additionally, the letter attempted to settle the prior violations of 11 U.S.C. §362 by Mr. Nguyen because he had refused to accept the prior offer to settle the violations without any payment of damages to the Debtor in exchange for a dismissal and stipulated move-out date in the Unlawful Detainer action.  The letter also laid out a further request for settlement on the judgment violation and again that opposing counsel amend the judgment and dismiss the case in its entirety in exchange for no damages being sought.  This letter too has gone unanswered with regards to Mr. Nguyen's violations prior to the relief from stay.  See Exhibit "J" and Declaration of Cothran

19. However, on or around October 7, 2010, Mr. Bouzane's assistant telephoned my office.  Upon returning the call, Mr. Cothran spoke with the assistant who informed him that Mr. Bouzane's office would be vacating the judgment.  Mr. Cothran reminded the assistant that the court has scheduled an OSC hearing on the 12th of October and suggested that they merely appear at the hearing and orally vacate their judgment instead of spending the time to draft the paperwork necessary to accomplish the same. Mr. Bouzane's assistant agreed and informed me that an attorney from their office would appear; Mr. Cothran also informed her that he would be appearing at that hearing as well as the Debtor.  Upon agreeing to this action Mr. Cothran inquired as to the status of the other items in his letter sent September 29, 2010, Mr. Bouzane's assistant informed him that she

had no authority to discuss those issues and told him an attorney would get back to him later that day. No response or call back was ever received by Mr. Cothran. See Declaration of Cothran

20. Debtor received her discharge order on September 20, 2010 and the case was subsequently closed with discharge on October 6, 2010. See Exhibit "K" and Declaration of Cothran

21. On October 12, 2010, the Superior Court of California with jurisdiction over the above mentioned unlawful detainer action held an OSC re: Dismissal. Debtor and her Bankruptcy counsel specially appearing on her behalf appeared before the court; Neither an Attorney from Mr. Bouzane's office nor Mr. Nguyen appeared as they had indicated they would. The court having no appearance from Mr. Bouzane's office refused to vacate the judgment absent a motion on behalf of the Debtor; and, since a judgment was entered, could not dismiss the case, alter the judgment, or vacate the judgment upon the oral request by the Debtor that day. See Declarations of Ramirez and Cothran

22. As of the date of filing of this motion, the judgment remains in place, un-amended and unchanged. See Declaration of Cothran

## ARGUMENT

An "automatic stay" takes effect immediately upon the filing of bankruptcy protection and is "one of the most fundamental debtor protections provided by the bankruptcy laws." *Midatlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection*, 474 U.S. 494, 503 (1986). "The scope of protections embodied in the automatic stay is quite broad, and serves as one of the most important protections in bankruptcy law. *Eskanos & Adler, P.C. v. Leetien*, 309 F3d 1210, 1214 (9th Cir. 2002). Specifically, 11 U.S.C. § 362(a) provides as follows:

(a)   [A] petition filed under section 301, 302, or 303 of this title...operates as a stay, applicable to all entities, of—

(1)  the commencement or continuation,..., of a judicial,...action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;...

(6)  any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;....

11 U.S.C. § 362(a)(1) and (2).  As part of this protection, the automatic stay "imposes an *affirmative duty* (on creditors) to discontinue post-petition collection actions." *Eskanos*, 309 F3d at 1216 (9th Cir. 2002) (emphasis and parentheses added).  Furthermore, where a creditor's actions violate the automatic stay, a creditor has "an affirmative duty to remedy his automatic stay violation...." *Sternberg v. Johnston*, 595 F3d 937, 943-944 (9th Cir. 2009); quoting *In Re Dyer*, 322 F3d 1178, 1191-1192(9th Cir. 2003).

Violations of the automatic stay occur when non-debtors continue collection activities against the debtor for any pre-petition debt or continuing with judicial proceedings against the debtor without first seeking relief from the bankruptcy court.  See 11 U.S.C. §362(a)(1) and (6).  Given the important and fundamental purpose of the automatic stay, the Ninth Circuit Court of Appeals has held that violations of the automatic stay are void and of no force and effect. *Schwartz v. United States (In Re Schwartz)*, 954 F2d 569, 571 (9th Cir. 1992).

Violations of the automatic stay need to be willful to be void; however, a party injured by a stay violation that seeks damages against the stay violator under Bankruptcy Code § 362(k) or § 105, must prove that the stay violation was willful. 11 U.S.C. § 362(k).  "A willful violation is satisfied if a party knew of the automatic stay, and its actions in volation of the stay were intentional." *Eskanos*,

309 F3d at 1215 (9th Cir. 2002). Neither a good faith belief that the creditor had a right to the property nor good faith reliance on the advice of counsel is relevant. *Barnett v. Edwards (In Re Edwards)*, 214 B.R. 613, 620 (B.A.P. 9th Cir. 1997).

Additionally, "[i]n determining whether the [creditor] violated the stay, the focus is not on the subjective beliefs or intent of the [creditors] in complying with the order, but whether in fact their conduct complied with the order at issue. ... Willful violation does not require a specific intent to violate the automatic stay. Rather the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional." *In Re Dyer*, 322 F3d at 1191 (9th Cir. 2003).

Bankruptcy Code § 362(k) "allows for actual and punitive damages, including costs and attorneys' fees, as sanctions for willful violations." *Eskanos*, 309 F3d at 1215 (9th Cir. 2002); See § 362(k). Further, pursuant to 11 U.S.C. § 105(a), the court may take action or make any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. See 11 U.S.C. § 105(a). Emotional distress damages are awardable as "actual damages" under § 362(k) where the individual (i) suffers significant harm; (ii) clearly establishes significant harm; and (iii) demonstrates a causal connection between the harm suffered and the automatic stay violation. *In Re Dawson*, 390 F3d 1139, 1149 (9th Cir. 2004).

Punitive damages are authorized when a creditor willfully violates the automatic stay. 11 U.S.C. § 362(k). Stay violations can lead to punitive damages when a creditor acts with callous and/or reckless disregard for the rights of others. *In Re Bloom*, 875 F2d 224, 228 (9th Cir. 1989). Recently, a Debtor was awarded $10,000 in punitive damages, in a case where a large institutional creditor repeatedly violated the bankruptcy stay by sending letters after being notified of the bankruptcy filing multiple times. *In Re Anderson*, 430 B.R. 882, 889 (Bkrtcy S.SD. Iowa 2010).

---

MOTION AND ORDER TO SHOW CAUSE

- 8 -

The list of violations in this matter is long, illustrious, willful and on-going. First, Mr. Nguyen was made aware of the bankruptcy filing no later than June 7, 2010, if not sooner. While arguable whether Mr. Nguyen was aware of the automatic stay on June 5, 2010 when he left a message on the Debtor's voicemail regarding the unlawful detainer against her, he was undoubtedly aware of the stay when he emailed the Debtor on June 10, 2010 continuing to seek an audience with her regarding the then stayed unlawful detainer proceedings. He continued this transgressive behavior when, on July 6, 2010, he or his property manager agent contacted the Debtor via text message on her cellular telephone requesting that she agree to move out.

Therefore, while Mr. Nguyen may argue that he never intended to violate the automatic stay, his acts were intentional to their own end; and, therefore, a violation of § 362. "Once a creditor knows that the automatic stay exists, the creditor bears the risk of all intentional acts that violate the automatic stay regardless of whether the creditor means to violate the automatic stay." *In Re Campion*, 294 B.R. 313, 318 (9th Cir. BAP 2003). Ms. Ramirez thereby suffered ongoing emotional distress and worry over her living situation and that of her family. While the automatic stay should have given her peace of mind, Mr. Nguyen robbed her of this peace of mind through his transgressive behavior.

Continuing this pattern of disregard for the Court's Orders and Rules, on September 15, 2010, after receiving relief from stay to proceed with the unlawful detainer for possession only, Mr. Nguyen, present at the hearing, and his attorney strong-armed the Debtor into signing a stipulated judgment which included a deficiency claim against the Debtor even after they were reminded that they were enjoined and stayed from requesting such a deficiency judgment. Fearing that if she refused to sign the judgment which included a deficiency against her she would be forced out of her house before October 1, 2010, when she was scheduled

to move into her new home, the Debtor signed the stipulated judgment which allowed her to retain possession until October 5, 2010.

This judgment directly violated this Court's Order filed and entered September 2, 2010 in which the Court ordered that Dan Nguyen "may enforce its remedies to obtain possession of the Property in accordance with applicable non-bankruptcy law, but may *not pursue any deficiency claim against the Debtor(s) or property of the estate…*" See Exhibit G, Page 1, Paragraph 3 (Emphasis added).

Even after repeated attempts to communicate this violation and to get the judgment corrected or vacated, Mr. Nguyen and Mr. Bouzane's office have failed to comply with the Court's Order and the Debtor's requests to do so. They have wasted the Debtor's and her Attorney's time, and continue to inflict emotional distress upon the Debtor that she will be liable for the judgment. The emotional distress suffered by the Debtor at the hands of Mr. Nguyen and Mr. Bouzane is clearly significant; and, absent their actions would not have occurred.

The actions by Mr. Nguyen and his Attorney, Mr. Bouzane, displayed wanton, callous and reckless disregard for the rights of the Debtor and for the Orders of this Court. In fact, Mr. Bouzane represented Mr. Nguyen in this Court with regards to his motion for relief from stay, and received the Order which they then proceeded to knowingly violate. Mr. Bouzane has therefore personally and knowingly acted in direct defiance of this Court's Order; and, along with Mr. Nguyen, has continued to recklessly disregard their affirmative duty to remedy the automatic stay violation and violation of the Court's Order causing the Debtor severe emotional distress.

## CONCLUSION

The totality of the circumstances demonstrate that Mr. Nguyen and Mr. Bouzane have willfully, recklessly, knowingly, callously, and wantonly violated the Debtor's rights under the Bankruptcy Code's automatic stay provisions and

the Order of this Court with regard to the relief from stay. Their actions have caused Debtor's counsel to expend excessive time in dealing with this matter and after receiving the bankruptcy notice, the order from the court, several letters and countless phone calls Mr. Nguyen and Mr. Bouzane refuse to comply. Their willful actions and callous reckless disregard for the automatic stay and Order of this Court are tailor made for punitive damages to prevent further violations in this matter and to deter Mr. Nguyen and more importantly Mr. Bouzane from acting in this manner in future matters.

WHEREFORE, the Debtor respectfully requests that this Court:

1. Enter an order finding that Mr. Nguyen violated the automatic stay when he contacted the Debtor regarding the unlawful detainer proceedings without first receiving relief from the automatic stay;

2. Enter an order finding that Mr. Nguyen and Mr. Bouzane violated this Court's Order for Relief from Stay and the automatic stay when they entered a judgment for deficiency damages against the Debtor in the unlawful detainer action;

3. Enter an order vacating the stipulated judgment in the State Court Unlawful Detainer action and/or instructing the creditor and his attorney to ensure the order is vacated;

4. Issue an OSC Re: Contempt against Mr. Nguyen;

5. Issue an OSC Re: Contempt against John Bouzane;

6. Sanctions of $500 per incident against Mr. Nguyen for the correspondence prior to the granting of the relief from stay on September 2, 2010;

7. Sanctions of $100 per day for each day the Judgment for deficiency damages has been entered against the Debtor until the Judgment is vacated;

8. Punitive Damages in the amount of $10,000.00 against John Bouzane;

9. Punitive Damages in the amount of $10,000.00 against Dan Nguyen;

10. Enter an order holding Dan Nguyen and John Bouzane jointly and severally liable for all damages, attorneys fees, and punitive damages in the matter regarding the unlawful detainer judgment;

11. Grant sanctions for Attorneys fees and costs expended by Debtor's counsel to enforce the stay and the Court's order against Dan Nguyen and John Bouzane, upon application to the court; and

12. Grant any and all further relief that is just and equitable.

//

RESPECTFULLY SUBMITTED

Kiet Cothran & Zirillo, APC

Dated:  October 15, 2010

Jonathan Cothran
Attorney for Debtor

## SUPPORTING DECLARATION OF JUSTINA RAMIREZ

I the undersigned, Justina Ramirez, make the following declaration under penalty of perjury of the law of the United States of America:

1.    I have personal knowledge of the matters set forth and, if called upon to testify, I could and would competently testify thereto. I am over the age of 18.

2.    I am debtor the captioned case in the Motion and Order to Show Cause to which this declaration is attached.

3.    I filed for Chapter 7 bankruptcy on June 3, 2010.

4.    At the time of filing, I resided at 11851 E. Percheron Road, Garden Grove, CA with my siblings and disabled father. Dan Nguyen was my Landlord.

5.    On or around June 5, 2010, Mr. Nguyen personally telephoned me and left a voicemail message that he wished to speak with me regarding the unlawful detainer which he had filed against me prior to my bankruptcy filing.

6.    On June 10, 2010 at 12:15am, Mr. Nguyen emailed my personal email account stating that he needed to speak to me. I later forwarded that email to my attorney, Jonathan Cothran.

7.    On July 6, 2010 at 5:12pm, Mr. Nguyen or perhaps his property manager agent sent me a text message on my personal cell phone stating that he wished to offer me a deal if I moved out. I later forwarded that text message via SMS to my attorney's email.

8.    Prior to my filing bankruptcy, Mr. Nguyen had sent several threatening and aggressive emails and made several of the same phone calls to me demanding that I move out. On one occasion, Mr. Nguyen called and told me that if I didn't have money to pay him by the weekend he was going to show up in a truck with an individual named Terry and forcibly pack all of my family's belongings and kick me out. Becoming increasing worried about my financial situation and distressed about

-1-

my family's wellbeing, I filed for protection under the bankruptcy code on June 3, 2010. I felt a sense of relief that I would at least have a brief time to look for adequate housing for my family and recover from the financial hardship I was undergoing.

9.    This sense of relief did not last long because after I received the first call by Mr. Nguyen on June 5, 2010, I become very uncomfortable in my own house. I was worried Mr. Nguyen was going to show up and forcibly remove my family and me from the premises and leave us homeless. I noticed slow moving cars outside my house; the drivers looking in my house's direction and taking what appeared to be photographs with a camera. I could not make out the driver's face to identify him. These distresses become increasingly intense as I received the further correspondences from Mr. Nguyen.

10.    On September 15, 2010, I appeared at my unlawful detainer trial. While attorney Jesse Zirillo was with me, the court would not allow him to specially appear on my behalf and I was forced to appear *in pro per*. Mr. Nguyen and his attorney were also present. Mr. Zirillo and I discussed with Mr. Nguyen the terms of the move-out to avoid a trial before the judge. Mr. Zirillo reminded Mr. Nguyen's attorney that they could not seek monetary damages in the action; however, Mr. Nguyen refused to listen and he and his attorney said that if I did not agree to their terms we would go to trial before the judge. Fearing I may be forced to move out before October 1, 2010, when I was scheduled to move into my new place, I signed the stipulated judgment which allowed me to stay in the property until October 5, 2010. I am worried Mr. Nguyen will seek the money listed in the judgment, but at the time I had no choice it seemed but to keep a roof over my family.

11.    As required under the judgment order, my family and I vacated the premises by October 5, 2010, and left it in good condition.

-2-

1        12.  On October 12, 2010, my attorney, Jonathan Cothran, and I appeared at

2  the court again in expectation that the judgment for monetary damages would be

3  removed.  However, when Mr. Nguyen did not appear, the Judge refused to set aside

4  the judgment without a motion from myself or by request from Mr. Nguyen.  The

5  judgment remained on the case and I was still ordered to pay deficiency damages

6  under it.  I fear that Mr. Nguyen will not fix this, and I will be forced to deal with

7  this judgment for money and pay Mr. Nguyen regardless of the bankruptcy.

9  Signed in Orange, California on this the 15th day of October, 2010.

Justina Ramirez

-3-

SUPPORTING DECLARATION OF JUSTINA RAMIREZ

1    <u>SUPPORTING DECLARATION OF ATTORNEY JONATHAN COTHRAN</u>

2

3    I the undersigned, Jonathan Cothran, make the following declaration under

4    penalty of perjury of the law of the United States of America:

5

6    1.    I am a duly licensed and practicing attorney in the State of California

7    and the Federal Central District of California.

8    2.    I represent the Debtor in the captioned case in the Motion and Order to

9    Show Cause to which this declaration is attached.

10    3.    Exhibit A contains a true and correct copy of the Notice of Bankruptcy

11    filing in Case No.: 8:10-BK-17503-ES, retrieved from the ECF servers on October

12    15, 2010.

13    4.    Exhibit B contains a true and correct copy of the Unlawful Detainer

14    Complaint filed against the Debtor in the Superior Court of California (OCSC Case

15    No.: 30-2010-00363344) served on the Debtor and given to me by the Debtor.

16    5.    Exhibit C contains a true and correct copy of the Notice of Stay filed

17    with the Superior Court of California in the Unlawful Detainer action against the

18    Debtor (OCSC Case No.: 30-2010-00363344).

19    6.    Exhibit D contains a true and correct copy of the BNC Notice of

20    Bankruptcy Case Filing for the bankruptcy Case No.: 8:10-BK-17503-ES, retrieved

21    from the ECF servers on October 15, 2010.

22    7.    Exhibit E contains a true and correct copy of the email sent to the

23    Debtor by Mr. Nguyen on June 10, 2010, and forwarded to me on June 15, 2010,

24    retrieved from the Google Business Email Servers on September 8, 2010.

25    8.    Exhibit F contains a true and correct copy of the text message sent to

26    the Debtor by Mr. Nguyen or his agent on July 6, 2010, and forwarded to me on

27

28

SUPPORTING DECLARATION OF JONATHAN COTHRAN

September 8, 2010 by the Debtor via SMS email transmission from her phone, retrieved from the Google Business Email Servers on September 8, 2010.

9. Exhibit H contains a true and correct copy of the letter sent to Mr. Bouzane's office on September 8, 2010 via fax and mail, a true and correct copy of the time and date stamped fax transmission page is attached.

10. Exhibit I contains a true and correct copy of the Stipulated Judgment filed with the California Superior Court on September 15, 2010 (OCSC Case No.: 30-2010-00363344).

11. Exhibit J contains a true and correct copy of the letter sent to Mr. Bouzane's office on September 29, 2010 via fax and mail, while the date of the letter erroneously shows September 8, 2010, a true and correct copy of the time and date stamped fax transmission page is attached showing the correct date of September 29, 2010.

12. Exhibit K contains a true and correct copy of the Order Discharging Debtor and the Order Closing the Bankruptcy Case for Case No.: 8:10-BK-17503-ES, retrieved from the ECF servers on October 15, 2010.

13. Exhibit L contains a true and correct copy of the Order Granting Motion for Relief from Stay—Unlawful Detainer, retrieved from the ECF servers on October 15, 2010.

14. On or after July 7, 2010, I called Mr. Bouzane's office to remind their client that the automatic stay precluded their client, Mr. Nguyen, from contacting the Debtor regarding the Unlawful Detainer action; I left a message with a secretary, and received no response.

15. On September 8, 2010, I drafted a letter to Mr. Bouzane's office in a good faith attempt to resolve the violations of § 362 and the Unlawful Detainer possession issue; I faxed and mailed the letter. I received no response, even after

-2-

SUPPORTING DECLARATION OF JONATHAN COTHRAN

1  calling and leaving several messages leading up to the hearing date of September 15,

2  2010.

3       16.   On September 15, 2010, unable to attend the hearing myself due to

4  another hearing, I sent another attorney, Jesse Zirillo.  He contacted me and told me

5  what was going on with regards to the damages in the stipulated judgment.  I told

6  him to inform opposing counsel that the automatic stay and relief from stay order

7  precluded monetary deficiency judgments.

8       17.   Upon receiving a copy of the judgment, I called Mr. Bouzane's office

9  to inform them of the problem and the entry of judgment with deficiency damages.  I

10  spoke with a secretary, unable to speak to an attorney, who informed me that she

11  would have the situation reviewed and someone would get back to me.  I received no

12  response from Mr. Bouzane's office.  After several follow up phone calls I was told

13  finally that the case in their office was no longer active and closed.  No attorney or

14  staff member ever responded to my requests for the judgment to be amended or

15  vacated.

16       18.   On September 29, 2010, I wrote a follow up letter to Mr. Bouzane

17  demanding that the judgment be corrected and set a deadline for October 11, 2010.

18  This date was chosen because I had earlier called the court and learned that the

19  judgment was not altered and an OSC re Dismissal was set for October 12, 2010.

20       19.   On or about October 7, 2010, Mr. Bouzane's assistant (non-attorney)

21  contacted me.  Upon returning her call, she informed me that they would be vacating

22  the judgment.  I suggested that instead of doing all the paperwork necessary, they

23  appear at the hearing on October 12, 2010 and orally vacate the judgment.  She

24  agreed and told me that counsel would appear at the hearing.  I told her I would be

25  there as well.  I then asked her about the §362 violations by Mr. Nguyen.  She

26  informed me that she had no authority to speak about that subject and that an

27

28

-3-

SUPPORTING DECLARATION OF JONATHAN COTHRAN

attorney would get back to me.  No one has gotten back to me as of the date of this motion.

20.  On October 12, 2010, the Debtor and I appeared in the California Superior Court handling the Unlawful Detainer action.  No one from Mr. Bouzane's office appeared.  Because no one appeared on behalf of the plaintiff, and the judgment was entered, the judge could not vacate the judgment without a motion by my client.  I argument that the discharge voided the judgment to no avail, the judges hands were tied without a motion or appearance by Mr. Nguyen's counsel.  We left the courthouse with the judgment still in effect.

21.  I contacted the court on October 15, 2010, and according to the clerk the judgment remains unchanged, un-vacated, and un-amended.

22.  To date I and my staff have expended many hours on this matter and will incur costs and more time to file and prosecute this motion; a full accounting of time expended will be submitted to the court upon granting of sanctions for attorneys fees in this matter.

Signed in Orange, California on this the 15th day of October, 2010.

Jonathan Cothran

-4-

## SUPPORTING DECLARATION OF ATTORNEY JESSE ZIRILLO

     I the undersigned, Jesse Zirillo, make the following declaration under penalty of perjury of the law of the United States of America:

     1.   I am a duly licensed and practicing attorney in the State of California and the Federal Central District of California.

     2.   I appeared on behalf of the Debtor in the Superior Court of California regarding the Unlawful Detainer on September 15, 2010; however, because it was an unlawful detainer trial and the Debtor had been appearing *in pro per* until then, the court would not allow me to specially appear on behalf of the Debtor.

     3.   Nonetheless, I attempted to negotiate the settlement of the Unlawful Detainer with opposing counsel and Mr. Nguyen. Mr. Nguyen and his counsel were pressing for a judgment with deficiency damages. After speaking with Jonathan Cothran, I informed them that the automatic stay and order for relief from stay precluded any judgment for deficiency damages.

     4.   Both Mr. Nguyen and his counsel ignored my notice and pressed for the damages regardless only agreeing to the move-out date after the first of October if they were included. The Debtor needed to stay in the property until October 1, 2010, so she signed the stipulated judgment and appeared before the court to verify the stipulated judgment's terms. I had no opportunity to bring the judgment's invalidity to the Court's attention.

     Signed in Orange, California on this the 15th day of October, 2010.



Jesse Zirillo

SUPPORTING DECLARATION OF JONATHAN COTHRAN

| In re:<br><br>**Justina Nam Ramirez**<br><br>Debtor(s). | CHAPTER: **7**<br><br>CASE NUMBER: **8:10-bk-17503** |
| --- | --- |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.  Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**1576 N Batavia St., Ste. 1C Orange CA 92867**

A true and correct copy of the foregoing document described as  **Notice of Motion and Motion for Order Declaring Dan Nguyen and John Bouzane in violation of the automatic stay and Order to Show Cause**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 15, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Charles Daff, cdaff@epiqtrustee.com
US Trustee, ustpregion16.sa.ecf@usdoj.gov
John E. Bouzane, fastevictionservice@linkline.com

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **October 15, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Charles Daff, Chapter 7 Trustee, 2009 N. Broadway, Santa Ana, CA 92706
US Trustee, 411 W Fourth Street, Suite 9041, Santa Ana, CA 92701
Judge Erithe Smith, 411 W. Fourth Street, Suite 5041, Santa Ana, CA 92701
John E. Bouzane, 634 Oak Court, San Bernardino, CA 92410 (By Certified Mail)
Dan Nguyen, 11851 Percheron Road, Garden Grove, CA 92843
Dan Nguyen, 750 East Grand Canyon Drive, Chandler, AZ 85249
Dan Nguyen, C/O: John Bouzane, Esq., 634 Oak Court, San Bernardino, CA 92410
Dan Nguyen, C/O: Real Property Management, 7400 Center Ave., Ste. 210, Huntington Beach, CA 92647 (By Certified Mail)
Justina Ramirez, 12662 Nelson Street, Apt. H, Garden Grove, CA 92840

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 15, 2010 | German Munoz | /S/ German Munoz |
| --- | --- | --- |
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.